**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3134-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEITH HILL, a/k/a
KEITH KAHEEM and
KIHEEM,

    Defendant-Appellant.

_____

Submitted March 17, 2026 – Decided July 6, 2026

Before Judges Susswein and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment Nos. 16-04-0372 and 18-01-0057.

Jennifer M. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Timothy P. Kerrigan, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Keith Hill appeals a January 24, 2024 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends he received ineffective assistance of counsel. Specifically, he claims his attorney instructed him to testify falsely at trial, failed to properly investigate the case, and failed to counsel him during plea negotiations. He also contends he declined the State's pretrial plea offer only because his counsel advised him that he would prevail at trial. After reviewing the record in light of the governing legal principles, we affirm.

I.

We presume the parties are familiar with the facts and procedural history of this protracted criminal case, which are recounted in detail in the PCR court's thorough written opinion and in our June 14, 2021 prior opinion on direct appeal. State v. Hill, No. A-1900-18 (App. Div. June 14, 2021). It is sufficient for present purposes to note that in April 2016, defendant was charged by indictment with several counts of unlawful gun possession and possession of controlled dangerous substances (CDS) with intent to distribute. In January 2018, defendant was also charged with attempted murder and various weapons offenses involving a separate incident. In July 2018, the State made a global

2                                                                                  A-3134-23

plea offer to resolve both matters, contemplating an aggregate twelve-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant declined this offer and proceeded to trial on the CDS and gun charges.

At trial, the State's theory was that defendant resided in the apartment where the gun and drugs were seized. To support that allegation, the State introduced two pieces of mail, each bearing defendant's name, that were recovered from the apartment. Defendant testified on his own behalf and denied that he lived in the apartment, instead claiming that he lived elsewhere with his mother. Defendant admitted that he was in the apartment building on the night in question but maintained that he stayed in the second-floor hallway and never entered the apartment where the gun was found on a table. He further testified that he was only in the building to use drugs.

The jury returned a guilty verdict on the CDS and gun possession charges. Defendant subsequently pled guilty to the attempted murder and related weapons charges in exchange for an eighteen-year sentence subject to NERA. That same day, he entered a post-conviction agreement pertaining to his pending sentencing for the CDS and gun possession jury trial convictions. That agreement contemplated a maximum aggregate sentence of twenty-three years with ten years of parole ineligibility, to run concurrent to his eighteen-year

3

sentence for the attempted murder plea. Defendant was sentenced in accordance with the global agreement.

On direct appeal, we affirmed the convictions and aggregate sentence. Hill, slip op. at 2. In March 2022, defendant filed a self-represented petition for post-conviction relief, seeking a reversal of his convictions or an evidentiary hearing. Defendant claimed his trial counsel failed to effectively represent him during pretrial preparation and failed to investigate all possible defenses. Defendant submitted certifications with his petition claiming that contrary to his trial testimony, he did in fact live in the apartment where the gun was found but that his trial counsel advised him to lie on the witness stand and instead testify that he was just in the building to use drugs. Defendant further certified that trial counsel only spoke with him on the days when defendant was in court and did not prepare him to testify other than by telling him to lie. Defendant also claimed in his certification that trial counsel never explained to him the difference between direct and cross examination. Additionally, defendant certified that he only declined the State's initial global plea offer because trial counsel advised him that he would prevail at trial.

On June 15, 2023, the PCR court held oral argument on defendant's petition. At the conclusion of that hearing, the court gave defendant additional

4

time to supplement the record. The PCR court convened an additional oral argument on January 24, 2024, after which it denied defendant's petition, issuing a twenty-five-page written opinion. With respect to defendant's claim that his attorney instructed him to lie on the witness stand, the court noted that despite the opportunity to supplement the record, defendant failed to produce any documentation other than his self-serving certification demonstrating that he in fact lived in the apartment. The court reasoned that granting defendant an evidentiary hearing in these circumstances would "open the floodgates" and effectively require an evidentiary hearing for any defendant who submits certifications that they lied on the stand, with no further proof.

The PCR court further determined that even if defendant could demonstrate that he testified falsely at the behest of trial counsel, any such deficient performance did not change the outcome of the case, explaining:

> The issue of residency was highly contested at trial, and crucial to the State's argument. The State's theory was that [defendant] did in fact live [in the apartment]. Accordingly, they submitted the mail, found in plain view at the residence, to further support that [defendant] lived there. [Defendant's] living [in the apartment] supported the very charges against [him] of drug possession, gun possession, and intent to distribute—as this residency was established as a drug distribution site and where the loaded gun and drugs were recovered.

The PCR court determined that the jury apparently accepted the State's theory and found that defendant resided in the apartment. Therefore, the PCR court reasoned, if defendant had testified that he did indeed reside there, that acknowledgment would only have supported the State's theory and would not have changed the jury verdict.

The PCR court also found that defendant failed to establish that trial counsel did not communicate with him other than on days when they were in court and did not sufficiently prepare him to testify. Regarding defendant's claim that counsel generally failed to communicate with him and prepare him to testify, the judge noted that, in a colloquy with the trial court before he took the stand, defendant stated under oath that he had "had enough time to speak with [trial counsel] regarding whether or not [he] should testify" and decided he would testify. The court further noted that, when the trial judge advised defendant that if he chose to testify he would be cross-examined, defendant responded that he understood. The PCR court therefore concluded that defendant's claims regarding trial counsel's communication and preparation for his testimony were "nothing but bald assertions."

The PCR court also rejected defendant's claim that his trial counsel was ineffective in advising him not to take the State's plea offer and go to trial. The

6

court noted that the mere fact of a disparity between defendant's ultimate sentence and the rejected pretrial plea offer does not establish ineffective assistance of counsel, as "[p]lea offers are meant to be lower, and sometimes substantially lower, [than] the maximum penalty a defendant is exposed to." The court additionally found that the disparity between the rejected plea offer (twelve years with an eighty-five percent period of parole ineligibility, i.e., ten years, two months of parole ineligibility)[1] and defendant's ultimate aggregate sentence in his post-conviction agreement (23 years with ten years of parole ineligibility) was not nearly as disproportionate as the disparity in cases where courts found there was ineffective assistance of counsel.[2] Moreover, the judge noted that the pretrial memorandum explicitly acknowledged that if defendant rejected the plea offer and was convicted, the court could impose a more severe sentence, up to the maximum permitted by law. Finally, the PCR court held that

---

[1] In his PCR petition, defendant claims the State's offer was for ten years with eighty-five percent parole ineligibility. However, the PCR court noted that the offer described in the final pretrial memorandum was for twelve years with eighty-five percent parole ineligibility. Defendant concedes on appeal that the rejected offer described in the pretrial memorandum was for twelve years with an eighty-five percent period of parole ineligibility.

[2] The PCR court cited Lafler v. Cooper, 566 U.S. 156, 166 (2012), in which the defendant's ultimate sentence was 3.5 times longer than his likely plea, and two non-precedential decisions with even larger disparities between the rejected plea offer sentence and the sentence ultimately imposed.

7

even if counsel indeed advised defendant to reject the plea and go to trial, that advice would be a strategic choice that a PCR court must not second guess, citing Strickland v. Washington, 466 U.S. 668, 690-91 (1984).

The PCR court concluded that defendant failed to establish a prima facie case of ineffective assistance of counsel and denied his request for an evidentiary hearing.

This appeal followed. Defendant raises the following contentions for our consideration:

> POINT I
> BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM COUNSEL, THE PCR JUDGE ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.
>
> A. Legal Standards Governing Applications for Post-Conviction Relief.
>
> B. An Evidentiary Hearing Was Required to Determine Defendant's Claims.
>
> > 1. Counsel Was Ineffective For Failing to Properly Advise [Defendant] Regarding Testifying at Trial.
> >
> > 2. Trial Counsel Failed to Advocate Effectively for Defendant During Plea Negotiations.

8

II.

We begin our analysis by acknowledging the legal principles governing this appeal. PCR serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). PCR provides "a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). A PCR petitioner must establish, by a preponderance of the credible evidence, that they are entitled to the requested relief. Id. at 541. To meet this burden, the petitioner must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

Appellate review "of a PCR court's factual findings is 'necessarily deferential.'" State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (quoting Nash, 212 N.J. at 540). However, appellate courts review a PCR court's legal conclusions de novo. State v. Harris, 181 N.J. 391, 415-16 (2004).

Furthermore, when as in this case, the PCR court does not hold an evidentiary hearing, review of both the factual inferences drawn from the record and any legal conclusions is de novo. State v. Balbosa, 481 N.J. Super. 497, 519 (App. Div. 2025). See also State v. O'Donnell, 435 N.J. Super. 351, 373 (App.

9

Div. 2014); State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020). When applying such de novo review, appellate courts "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014).

A defendant's constitutional right to effective assistance of counsel extends to the plea negotiation process. See Missouri v. Frye, 566 U.S. 134, 140 (2012) (explaining that the right to effective assistance of counsel applies at the entry of a guilty plea). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler, 566 U.S. at 168.

A defendant alleging ineffective assistance of counsel must satisfy both prongs of the two-part test set forth in Strickland and adopted by the New Jersey Court in State v. Fritz, 105 N.J. 42 (1987). "First, the defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. Second, the defendant must show that counsel's "deficient performance prejudiced the defense." Ibid.

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. Counsel's performance is held to a standard of "reasonableness under prevailing

10

professional norms;" thus, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also State v. Marshall, 148 N.J. 89, 156-57 (1997).

The second Strickland prong requires a defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Id. at 694. Our Supreme Court stressed in State v. Gideon that the second prong sets forth "an exacting standard." 244 N.J. 538, 551 (2021) (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). "Prejudice is not to be presumed;" rather, "[t]he defendant must 'affirmatively prove prejudice.'" Ibid. (citing Fritz, 105 N.J. at 52, and quoting Strickland, 466 U.S. at 693).

Short of obtaining a new trial, a defendant may demonstrate that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462-63. A defendant's claim of ineffective assistance of counsel "is more likely to require an evidentiary hearing because the facts often lie outside the trial record and because the attorney's testimony may be required." Preciose, 129 N.J. at 462.

However, a PCR petitioner is not automatically entitled to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides in pertinent part:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.

With respect to the first of these three requirements, "[a] prima facie case is established when a defendant demonstrates 'a reasonable likelihood that [their] claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)). "[A] [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid. (quoting Cummings, 321 N.J. Super. at 170). "[V]ague, conclusory, or speculative" allegations are insufficient to warrant an evidentiary hearing. Ibid. (quoting Marshall, 148 N.J. at 158). "Any factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." R. 3:22-10(c).

12

## III.

We next apply the foregoing general principles to the present situation. We first consider defendant's claim that he testified falsely at trial on the instruction of his counsel. Applying de novo review and viewing defendant's assertions in the light most favorable to him, we agree with the PCR court that defendant has failed to establish a prima facie case as to warrant an evidentiary hearing. Notably, even assuming for the sake of argument that defendant could prove that he lied on the stand at the behest of trial counsel, he cannot show prejudice as required by Strickland and Fritz. As the PCR court aptly noted, if defendant had testified that he lived in the apartment where the gun and drugs were found on the table, that acknowledgment would only have further established his guilt, leading to the same jury verdict. Defendant's argument that this testimony would have helped him by preventing the jury from associating him with drug dealers in the hallway is unpersuasive, as he provides no reason to believe that such an association would be more inculpatory than the fact that police found drugs and a loaded gun on the table inside the apartment. Defendant therefore fails to establish a prima facie case that Strickland/Fritz's second prong is satisfied.

A-3134-23

Nor are we persuaded by defendant's related contention that "counsel failed to prepare him for taking the stand," did not visit him in jail, and did not "go over direct and cross-examination" with him before he testified. Defendant's brief offers no argument as to how his testimony would have been improved by more preparation and how this would have affected the result. Furthermore, as the PCR court noted, in a colloquy with the trial judge before he took the stand, defendant stated that he had "had enough time to speak with [trial counsel] regarding whether or not [he] should testify."

IV.

We turn next to defendant's contention that his trial counsel rendered constitutionally defective assistance by advising him to decline the State's initial global plea offer. Defendant asserts that trial counsel was "deficient" but provides no further argument to support that conclusion. We note that counsel's effective assistance with respect to plea negotiations is shown by the fact that counsel ultimately negotiated a favorable post-verdict plea agreement with an aggregate ten-year period of parole ineligibility for both the possession convictions and defendant's attempted murder guilty plea.

We emphasize that in determining whether trial counsel's performance was deficient, "'[j]udicial scrutiny . . . must be highly deferential,' and must

avoid viewing the performance under the 'distorting effects of hindsight.'" State v. Arthur, 184 N.J. 307, 318-19 (2005) (quoting State v. Norman, 151 N.J. 5, 37 (1997)). To that end, we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 319 (quoting Strickland, 466 U.S. at 689). Applying those principles to the present case, even assuming that trial counsel advised defendant that he would prevail at trial, defendant has not provided any specific evidence—outside the mere fact of the guilty verdict—that such advice constitutes deficient performance.

Furthermore, the record clearly shows that defendant was made aware of the risks of proceeding to trial. As the PCR court aptly noted, the State's final, July 31, 2018 pretrial memorandum, signed by defendant, includes language acknowledging that defendant could face a more severe sentence than that contemplated in the plea offer if he went to trial. In these circumstances, and applying appropriate deference to trial counsel's strategic choices, defendant fails to establish that counsel rendered deficient performance with respect to defendant's decision to reject the plea offer.

In sum, defendant has failed to establish a prima facie case as to warrant an evidentiary hearing or any other relief. See Preciose, 129 N.J. at 462-63. To

the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

16                                                                    A-3134-23